Maximilian Moss, S.
As an incident to a trustee’s final accounting, the court is requested to fix an attorney’s fee pursuant to section 231-a of the Surrogate’s Court Act payable out of the share of the issue of a deceased remainderman.
The testator died October 10,1946, a resident of Kings County, leaving an instrument dated June 26, 1946 which was offered for probate. Objections thereto were interposed in behalf of remaindermen of a trust, created under an earlier testamentary instrument, and by the testator’s distributees, one of whom, George Hafler, retained the petitioner. He agreed to pay petitioner a fee based on a percentage of any benefit and executed an assignment therefor which was recorded. On May 1, 1948 an agreement of compromise was entered into, pursuant to which the propounded instrument was admitted to probate on February 19, 1949. By the terms of the agreement, on the termination of a trust created thereunder, the corpus was to be distributed to seven named remaindermen or should any of them die before *631 the trust’s termination the share of such person was to pass to his issue per stirpes. The compromise agreement likewise provided that each and all of such shares of the remainders shall be, and shall remain, subject to the lien or liens of the attorneys for each respective remainderman for legal services rendered to each. The trust terminated on October 26, 1958 upon the death of the surviving life beneficiary thereunder. The remainderman, George Hafler, died May 28, 1954 survived by one son, Oliver J. Haffler, who died February 22, 1955 survived by his daughter, Gretchen Haffler, who will be the recipient of the share of said George Hafler and from whose interests in the remainder the fee is sought. While the issue of the signatories to the agreement were not parties to it, the agreement enured to the benefit of such issue whose ancestor predeceased the termination of the trust and the ancestor intended to and did bind not only himself but his personal representatives and any issue succeeding to his rights under the agreement. The court determines that the attorney has a lien for his stipulated compensation on the moneys distributable to the granddaughter of George Hafler and directs that such attorney’s requested fee be considered a lien thereon and be paid from such share.
Settle decree on notice.